UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES THURMAN, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-00077-CLC-CHS |
| ) | |
| MR. MIKE LAY, MRS. MIKE LAY, ) | |
|     *Defendants*. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiff James Thurman's motion to proceed *in forma pauperis* [Doc. 2]. For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's motion be **DENIED** and that Plaintiff be given **THIRTY (30) days** in which to pay the filing fee of $350.00 or the Court will dismiss this action for failure to prosecute.

Plaintiff is, and was at the time he filed this action, incarcerated at the Irwin County Detention Center in Irwin County, Tennessee. He has filed three previous civil actions in this Court while incarcerated which have been dismissed as frivolous or for failure to state a claim: *Thurman v. Saxe*, 1:22-cv-00039-TRM-CHS, *Thurman v. Saxe*, 1:22-cv-00257-TRM-CHS, and *Thurman v. Chariot*, 2:22-cv-119-TAC-CHS.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §1915(a), provides the Court's authority to grant a prisoner's application to proceed *in forma pauperis* in a civil action. *See* 29 U.S.C. § 1915(a). However, the PLRA also provides, in relevant part, that ["i]n no event shall a prisoner bring a civil action . . . or proceeding under this section if the prisoner has, on three occasions, while incarcerated or detained in any facility brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury." 28 U.S.C.

§ 1915(g). As previously noted, on three prior occasions, Mr. Thurman, who is currently a prisoner, brought actions, while incarcerated, in this United States District Court, all of which have been dismissed for failure to state a claim. Mr. Thurman's current complaint concerns events which allegedly took place in 2020. He does not allege he is in imminent danger of serious physical injury. Consequently, Mr. Thurman cannot proceed *in forma pauperis.* 28 U.S.C. § 1915(g).

For the reasons stated herein, it is **RECOMMENDED**[1] that**:**

1. Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 9] be **DENIED**.

2. Plaintiff be given **THIRTY (30) DAYS** to pay to the Clerk of Court the $350.00 filing fee or this Court dismiss this action for failure to prosecute.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).